Leonard MCKENZIE, Plaintiff,

v.

Gerard O'GARA, Jr., Dept. Warden Security, Angelo Manzie, Dept. Warden Security, Angelo Lugo, Capt. of Security, and Mrs. Blunt, Law Library Civilian Clerk, Defendants.

No. 02 CIV.0294(CM).

United States District Court, S.D. New York.

Oct. 28, 2003.

12. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2297.

390

Leonard McKenzie, Malone, NY, Pro se.

John Michael Lambros, Corporation Counsel of the City of New York, New York City, for Defendants.

DECISION AND ORDER

MCMAHON, District Judge.

In this prisoner civil rights action, defendants Angel Lugo and Gerard J. O'Gara have moved pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(c) for dismissal of plaintiff's amended complaint.

Plaintiff—whom defendants allege to be one of the founding members of the Bloods gang at Rikers Island, New York City's correctional facility—filed this pro se action on January 29, 2002, pursuant to 42 U.S.C. § 1983, alleging numerous violations of his Constitutional rights. Plaintiff, who is currently incarcerated at the Auburn Correctional Facility, pleads that his rights were violated because Rikers officials denied him full access to his mosque, unfettered access to the law library, and contact visits. Defendants filed an answer, generally denying the allegations and asserting a number of affirmative defenses (in most cursory terms) on October 22, 2002. I will, therefore, treat this as a motion pursuant to Rule 12(c), which states, "After the pleadings are closed but

within such time as not delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). The standard to be applied to a motion for judgment on the pleadings brought under Rule 12(c) is the same as a motion to dismiss under Rule 12(b)(6), unless the Court chooses to consider materials outside the four corners of the pleadings. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.), *cert. denied*, 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). Except insofar as defendants move on jurisdictional grounds (i.e., for failure to exhaust administrative remedies), I do not so choose.

To the extent that plaintiff's claims relate to the mosque and law library, he has withdrawn them in the face of the moving defendants' motion to dismiss those claims for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act (P.L.R.A.), 42 U.S.C. § 1997(e). Plaintiff acknowledges that he failed to grieve these issues. Plaintiff also has withdrawn his claims again defendant Blunt, who was the Rikers Island Law Librarian. (*See* Plaintiff's Answer to Defendants' Notice of Motion and Motion to Dismiss, filed with the Court March 26, 2003, (hereafter "Plaintiff's Answer"), at # 1).

This leaves plaintiff's claim that he was denied contact visits. Moving defendants contend that this claim should be dismissed for lack of jurisdiction because plaintiff has failed to grieve it. They admit that plaintiff not only grieved the denial of contact visits back in 1999, but won his grievance.[1] However, according to moving defendants, plaintiff was again denied contact visits after he was charged with assault on another inmate and possession of a deadly weapon, which occurred less than a month after he won his grievance. Defendants assert that plaintiff did not grieve the renewed denial of contact visits, and plaintiff has not provided any proof that he grieved this renewed denial of contact visits—other than to say that defendants' contention is "obsured." (Sic) (*See* Plaintiff's Answer, *supra.*, at # 1).

■ Plaintiff responds by asserting that, notwithstanding the documents alluded to above, defendants never really permitted him to have contact visits following his successful grievance (Plaintiff's Answer, *supra.*, at # 2). If in fact that constitutes the essence of his complaint, then plaintiff did indeed grieve the issue in suit. Assuming *arguendo* that plaintiff's claim relates to defendants' refusal to restore his contact visits after his successful grievance, I cannot dismiss the complaint on the pleadings, for two reasons. First, while I acknowledge that subsequent misbehavior by plaintiff might well cut off any rights he acquired pursuant to his successful grievance, I cannot decide that in a motion addressed *to the pleadings*, because the pleadings contain no reference to any of this. And to the extent that plaintiff was entitled to enjoy contact visits before his spate of misbehavior began in September 1999, he may have a viable claim, albeit one worth precious little. Thus, I cannot say that plaintiff can prove no set of facts that would entitle him to some form of relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ Defendants also seek dismissal, at least as to any claim of denial of contact visits after plaintiff attacked another in-

---

1. And indeed, Exhibit E to the moving affidavit of John Lambros reveals that plaintiff did win his grievance, and Exhibit B to plaintiff's response indicates that plaintiff was notified that he would be allowed to resume contact visits. However, as Exhibit B demonstrates, plaintiff was advised that he would have to remain in restraints during those contact visits.

mate with a weapon on September 20, 1999, on the ground that their decision to deny plaintiff contact visits after such behavior was justified by legitimate penological interests. *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). They may well be correct, but their argument is more appropriately made in the context of a motion for summary judgment pursuant to Rule 56, rather than in a motion addressed to the face of the pleadings.

■ Finally, plaintiff was directed by Chief Judge Mukasey of this Court to amend his claims concerning contact visits (including being kept in restraints during such visits) to plead "facts sufficient to meet the atypical and significant hardship requirement." (Order of The Hon. Michael B. Mukasey, Lambros Aff. Ex. B, at pp. 2–3). Judge Mukasey's order addressed the requirement that plaintiff plead facts tending to establish a constitutionally-protected liberty interest that he be free of restraints during contact visits. As Chief Judge Mukasey stated, plaintiff was required to plead facts tending to show that the punishment of being kept in restraints during contact visits, "... while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 483–84, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ Moving defendants assert that the amended complaint should be dismissed because plaintiff has not chosen to comply with Judge Mukasey's order—or, rather, has chosen not to comply with the order. At first glance, it would seem that defendants are correct, since plaintiff states, "Plaintiff has no reason to plead atypi-

cal/significant hardship because of disciplinary confinement because his complaint doesn't state disciplinary confinement. Visitation has nothing to do with his confinement disciplinary wise." (Plaintiff's Answer, supra., at # 3). However, I note that Judge Mukasey's order directs that plaintiff's amended complaint would be reviewed for substantive sufficiency *before* being assigned to a district judge. Since the case was assigned to me, I can only conclude that plaintiff managed to plead enough facts to satisfy Judge Mukasey, acting in his function as "gatekeeper." I therefore decline defendants' invitation to find that plaintiff has not complied with Judge Mukasey's order and I refuse to dismiss the complaint on that basis.

For the foregoing reasons, I(1) deem plaintiff's claims withdrawn insofar as they relate to denial of access to the mosque and law library; (2) dismiss the complaint as to defendant Blunt; and (3) otherwise deny the motion for judgment on the pleadings, without prejudice to the filing of a motion for summary judgment.